UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTION INC., | Case No. 1:12-cv-1847 LJO-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT |
| v. | |
| OLIVIA ELISA REYES, *et al*, | |
| Defendants. | |

## INTRODUCTION

On July 8, 2013, J&J Sports Production, Inc. ("Plaintiff") filed the present motion for default judgment against Defendant Olivia Elisa Reyes, individually and d/b/a Seven De Copas a/k/a Siete De Copas ("Defendant"). (Doc. 13). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for August 16, 2013. Having considered the moving papers, and the Court's file, the Court GRANTS Plaintiff's motion for default judgment IN PART and judgment will be entered in the amount of $4,200.00 against Defendant.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a distributor of sports and entertainment programming, alleges that it owns commercial distribution rights to broadcast the closed-circuit program *Manny Pacquiao vs. Juan*

1

*Manuel Marquez, III WBO Welterweight Championship Fight Program* ("the Program"), telecast nationwide on November 12, 2011.  *See* Plaintiff's Complaint ("Compl.") at ¶ 14, Doc. 1.  The Program included the main event between Manny Pacquiao and Juan Manuel Marquez, along with undercard bouts, televised replay, and color commentary.  *Id.*  Plaintiff alleges that the Program was unlawfully intercepted and exhibited by Defendant at her commercial establishment, Seven De Copas a/k/a Siete De Copas ("De Copas"), located at 629 North Farmsville Boulevard, Farmsville, California. *Id.* ¶ 17.  Plaintiff alleges that the interception and exhibition of the Program was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain. *Id.* ¶ 18.

On November 9, 2012, Plaintiff filed this action alleging violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as of violations of California law against conversion and California Business and Professions Code §17200. The Summons and Complaint were served upon Defendant Olivia Elisa Reyes by substituted service on Elena Castro on February 7, 2013.  (Doc. 8).  True and correct copies of the Proof of Service were filed with this Court on March 13, 2013.  (Doc. 8).  On March 25, 2013, after Defendant failed to file an answer, Plaintiff requested an entry of default against Defendant, which was entered by the clerk on March 26, 2013.  (Doc. 10).  On July 8, 2013, Plaintiff filed the instant motion for default judgment. (Doc. 13).  Plaintiff's motion requests that the Court enter default judgment against Defendant for damages in the amount of $112,200.00. (Doc. 13-4).  Defendant has not appeared or otherwise defended this action, including the motion for entry of default judgment.

## LEGAL STANDARD

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true.  *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact.  *See Panning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978). While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are

true.  *See Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.  The Court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence.  FED. R. CIV. P. 55(b)(2)(C); *Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.

With the entry of default in the case at hand, this Court may accept the factual allegations of Plaintiff's complaint as true to assess liability.  The complaint alleges that Defendant and/or her employees, with knowledge that the boxing program was not to be intercepted, unlawfully exhibited the Program at the establishment.  The complaint is sufficiently plead, indicating the substantive merit of Plaintiff's claim, *i.e.*, unauthorized exhibition of the Program.  Further, proper service of the summons and complaint was made on Defendant Olivia Elisa Reyes on February 7, 2013. A true and correct copy of the Proof of Service was filed with this Court on March 13, 2013. (Doc. 8).  Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. See Declaration of Thomas Riley ("Riley Decl.") ¶ 3, Doc. 13-2).  Defendant failed to respond to the complaint or otherwise appear in this action. Defendant's failure to contest this action demonstrates absence of a dispute as to material facts.  There is no evidence the default resulted from excusable neglect since the service of the complaint is in order.  Accordingly, the only issue remaining is an award of damages.

## DISCUSSION

Plaintiff requests damages in the amount of $110,000.00 for alleged violations of 47 U.S.C. §§ 605(e)(3)(C)(i)(II) (statutory damages) and (C)(ii) (enhanced statutory damages) and $2,200.00 for tortious conversion, for a total of $112,200.00 in damages.[1]

The Federal Communications Act of 1934, 47 U.S.C. § 605 *et seq*. prohibits commercial establishments from intercepting and broadcasting satellite cable programming without a license. It provides a private right of action in federal court.  Plaintiffs may request that courts award actual or statutory damages between $1,000 and $10,000 for each violation of § 605.  47 U.S.C. §

---

[1] Plaintiff's complaint alleges that Defendant displayed the Program in violation of 42 U.S.C. § 605, *et seq*, and Title 47 U.S.C. § 553.  Plaintiff further alleges that Defendant committed the tort of Conversion and violated California Business and Professions Code § 17200. However, in its motion for default judgment, Plaintiff seeks relief on only two of the four causes of action: 47 U.S.C. § 605 and Conversion.

605(e)(3)(C)(I). Damages of up to $100,000 may be awarded for willful violations. 47 U.S.C. § 605(e)(3)(C)(ii).

**1. Statutory and Enhanced Statutory Damages**

Plaintiff seeks statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and enhanced statutory damages pursuant to § 605(e)(3)(C)(ii). (Doc. 13). Pursuant to § 605(a), no person receiving or transmitting any interstate or foreign communication by wire or radio shall "divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception . . . ." Those who violate this Section are subject to the following civil penalty:

> [T]he party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) 1 of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

47 U.S.C. § 605(e)(3)(C)(i)(II).

Plaintiff attests that it is a closed-circuit distributor of sports and entertainment programming that purchased and retained the exclusive commercial exhibition licensing rights to the Program. Compl. ¶ 9. Plaintiff marketed the sub-licensing (commercial exhibition) rights in the Program to its commercial customers. *Id.* at ¶ 15. Plaintiff claims that signal theft causes a significant impact on the broadcast industry. (Doc. 13 at 13). Plaintiff believes that the continued signal piracy is caused, in part, by the perceived lack of consequences (including nominal or minimal damage awards by the courts who hear its cases) for such unlawful interception and exhibition by the commercial signal pirates. (Doc. 13 at 19). Accordingly, Plaintiff contends that the maximum statutory damages award against Defendant is necessary to deter future violations. (Doc. 13 at 11).

Plaintiff also contends that significant enhanced statutory damages should be awarded under § 605(e)(3)(C)(ii). Section 605(e)(3)(C)(ii) provides that where the court finds that a violation of the section was committed willfully and for purposes of direct or indirect commercial advantage, the court, in its discretion, may increase the award of damages "by an amount of not more than $100,000 for each violation of subsection (a) of this section." Emphasizing the need for deterrence as to this

4

1  Defendant and others, Plaintiff requests that it be awarded $100,000 in enhanced statutory damages.

2  Plaintiff presents the following evidence in support of its request for damages. Defendant's
3  establishment is a medium sized bar with a maximum capacity of 80 persons. On November 12, 2011,
4  the day of the Program, Mitch Gerking and Jeffrey Lang, investigators from 1st Priority Investigations,
5  observed the Program airing at Defendant's commercial establishment. *See* Declaration of Affiant
6  Mitch Gerking and Jeffrey Lang ("Affiant Decl."), Doc. 13-3). Gerking and Lang reported that they
7  entered De Copas at approximately 7:03 p.m. on November 12, 2011 without paying a cover charge.
8  Affiant Decl. at 1. They saw the Program broadcasting inside the bar on three flat-screen color
9  televisions ranging in size from 23 to 42 inches. Gerking and Lang estimated that the maximum
10 occupancy of De Capos is approximately 75-80 people, and they counted twenty-four people in the bar
11 at the time of the Program. The investigators described De Capos as primarily a bar with bar stool
12 seating, several small tables with chairs, and two pool tables. *Id.* at 2. The bar is in fair condition and
13 located within the city limits of Farmersville with clientele consisting of mostly local Spanish
14 speaking laborers. When Gerking and Lang exited the establishment at approximately 7:13 p.m.,
15 approximately 24 patrons were present.

16 The Court should not award the statutory maximum damages award "in the absence of unusual
17 or particularly egregious circumstances under which a defendant broadcast the fight." *Don King*
18 *Productions/Kingvision v. Maldonado*, 1998 U.S. Dist. LEXIS 20165, 1998 WL 879683 (N.D. Cal.
19 December 11, 1998)(No. C-97-3530 WHO MED), *citing Joe Hand Promotions v. Burg's Lounge*, 955
20 F.Supp. 42, 44 (E.D. Pa. 1997). Absent evidence of commercial advantage or financial gain, district
21 courts have awarded the statutory minimum where the defendants were first-time offenders in
22 establishments of similar or larger size. *See Joe Hand Promotions, Inc. v. Williams*, 2011 U.S. Dist.
23 LEXIS 138247 (E.D. Cal. Nov. 30, 2011) (providing an expansive review of California statutory and
24 enhanced statutory damage awards); *see also, e.g., J & J Sports Prods. v. Blas,* 2011 U.S. Dist. LEXIS
25 68782 (E.D. Cal. June 27, 2011) (awarding statutory damages of $4,000 and enhanced damages of
26 $4,000 in a Filipino style restaurant with a capacity of 25 patrons and fifteen people present)*; J & J*
27 *Sports Productions, Inc. v. Cardoze*, 2010 U.S. Dist. LEXIS 74606, 2010 WL 2757106 (N.D. Cal. July
28 9, 2010) (No. C 09-05683 WHA) (setting statutory damages of $1,000 and enhanced damages of $250

in bar and grill with capacity of 150 people, and seven television sets where 37 to 45 people were present while bout was broadcast); *J & J Sports Productions, Inc. v. Rodriguez*, 2010 U.S. Dist. LEXIS 20288, 2010 WL 796942 (E.D. Cal. March 5, 2010) (No. CIV S-08-1140 JAM DAD) (setting statutory damages of $1000 and enhancements of $4000 for taqueria with seating capacity of 30 and 16 to 20 patrons during showing of bout); *J & J Sports Productions, Inc. v. Gamino*, No. 1:11-cv-1056-AWI-BAM, 2012 U.S. Dist. LEXIS 36047, 2012 WL 913743 at *5 (E.D. Cal. March 16, 2012) (recommending statutory damages of $1,000 where restaurant sat 75 people and 12 persons were present during the Program's broadcast).

The Court will not recommend that Plaintiff's request for an award of the statutory maximum be ordered. While Plaintiff's memorandum refers to several decisions in this and other districts that granted larger awards (Doc. 13 at 14), in most of those decisions, the damages awarded were substantially reduced from the amount requested due to the small impact of the defendants' actions. Here, the Court finds that Defendant's conduct was not particularly egregious. The facts before the Court indicate that Defendant's establishment was not large, with a maximum capacity of approximately eighty people. (Doc. 13). Plaintiff's investigators indicated that there were three televisions in the establishment showing the Program on the night the Program was broadcast. Two televisions were small; Plaintiff's investigator estimated one to be 27 inches and the other as approximately 23 inches. Affiant Decl. at 1-2. At the time of the violation, Defendant's establishment had few patrons—approximately twenty-four people according to three separate head counts performed by Plaintiff's investigators. There is no evidence that Defendant required a cover charge or engaged in advertising the broadcast of the event at her establishment to entice a large crowd. Moreover, no evidence has been presented that Defendant has previously been involved in signal piracy or is a repeat offender. In the Court's discretion, these factors weigh heavily in reducing the damages award.

Plaintiff requests $110,000.00 in damages for the Title 47 violations. However, given the relatively humble nature of the business itself, the lack of a cover charge or advertising, the number of patrons viewing the program, and the small impact of Defendant's conduct, the Court finds that the amount of requested damages should be reduced. The Court will recommend a statutory award of

$1,000.00 for the violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and an additional $1,000.00 in enhanced damages pursuant to 47 U.S.C. § 605 (e)(3)(C)(ii).

**2.    Damages for Conversion**

Plaintiff also seeks $2,200.00 in conversion damages, the value of the property at the time of the conversion. (Doc. 13-1 at 20). Under California law, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Greka Integrated, Inc. v. Lowrey*, 133 Cal.App.4th 1572, 1581 (2005) (internal quotation marks omitted); *see also G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir.1992). "Because conversion is a strict liability tort, questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant." *Gilman v. Dalby*, 176 Cal.App.4th 606, 615 n.1, 98 Cal.Rptr.3d 231 (2009). Exclusive right to distribute a broadcast signal to commercial establishments constitutes a "right to possession of property" for purposes of conversion. *See Don King Prods./Kingvision v. Lovato*, 911 F.Supp. 419, 423 (N.D. Cal. 1995); *see also DIRECTV, Inc. v. Pahnke*, 405 F.Supp.2d 1182, 1189 (E.D. Cal. 2005) (concluding that the "right to distribute programming via satellite" constituted a "right to possession of personal property" for purposes of a conversion claim under California law).

Here, the evidence supports the request for conversion damages. Plaintiff was granted the exclusive domestic commercial exhibition licensing rights to the program at issue, and thus had the right to possession of the property at the time of the conversion. Defendant did not legally purchase the program. (Doc. 13-1 at 20). Finally, Plaintiff has indicated that Defendant would have been required to pay $2,200.00 if she had ordered the Program from Plaintiff. *Id.* Thus, Plaintiff is entitled to recover the sublicensing fee conversion damages in the amount of $2,200.00.

**RECOMMENDATIONS**

Based on consideration of the declarations, pleadings and exhibits to the present application, the Court RECOMMENDS as follows:

1.    Plaintiff J&J Sports Production Inc.'s motion for default judgment be GRANTED in part;

2. Judgment be entered in this action against Defendant Olivia Elisa Reyes d/b/a/ Seven De Copas a/k/a Siete De Copas and in favor of Plaintiff J&J Sports Production Inc.; and

3. Damages in the amount of $4,200.00 be awarded to Plaintiff J&J Sports Production Inc. as follows:

    a. For the violation of 47 U.S.C. § 605(e)(3)(C)(i)(II), the sum of $1,000.00;

    b. For the violation of 47 U.S.C. § 605(e)(3)(C), the sum of $1,000.00;

    c. For the conversion of Plaintiff's property, the sum of $2,200.00.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code § 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 19, 2013**              /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE